E-FILED IN OFFICE - AM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-02985-S5**
**4/16/2021 2:41 PM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

CHERYL SCHRENK,                          *
                                         *
                Plaintiff,         *
                                         *
v.                                       *
                                         *
QUIKTRIP CORPORATION a                   *
And JOHN DOE,                            *
                                         *
                                         *
           Defendants.              *

Civil Action File
No. **21-C-02985-S5** _____

**DEMAND FOR JURY TRIAL**

### SUMMONS

**TO THE ABOVE-NAMED DEFENDANT:** QUIKTRIP CORPORATION is a foreign corporation qualified to do business in Georgia and may be served with a copy of the Complaint and Summons through its registered agent, to wit: CT Corporation System at 289 S Culver St, Lawrenceville, GA, 30046.

       You are hereby summoned and required to file with the Clerk of said Court and serve upon the Plaintiff's attorney, whose name and address is:

**Michael Johnson, Esq.**
**JOHN FOY & ASSOCIATES, P.C.**
**3343 Peachtree Road, NE, Suite 350**
**Atlanta, Georgia 30326**
**(404) 400-4000**

an answer to the complaint, which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

     This 16TH day of April, 2021.

                             By: _____
                                 Clerk/Deputy Clerk

Exhibit A

E-FILED IN OFFICE - AN
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
21-C-02985-S5
4/16/2021 2:41 PM
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| CHERYL SCHRENK, | * | |
| | * | Civil Action File |
| Plaintiff, | * | No. 21-C-02985-S5 |
| | * | |
| v. | * | |
| | * | |
| QUIKTRIP CORPORATION a | | |
| And JOHN DOE, | * | **DEMAND FOR JURY TRIAL** |
| | * | |
| | * | |
| Defendants. | * | |

### COMPLAINT FOR DAMAGES

COMES NOW, the Plaintiff, Cheryl Schrenk, (hereinafter referred to as "Plaintiff"), by and through his Counsel of Record, and shows this Court the following facts and circumstances in support of his Complaint.

1.

Defendant QUIKTRIP CORPORATION ("Quiktrip") is a foreign corporation qualified to do business in Georgia and may be served with a copy of the Complaint and Summons through its registered agent, to wit: CT Corporation System at 289 S Culver St, Lawrenceville, GA, 30046.

2.

On May 30, 2020, Plaintiff was an invitee at Defendant Quiktrip's store located at 1055 Old Peachtree Rd. NW, Lawrenceville, GA 30043. While the Plaintiff was in the store, she slipped and fell on a liquid substance that was allowed to accumulate and remain on the floor of the store without any visible caution or warning to the Plaintiff.

3.

Defendant JOHN DOE was the on-duty manager of the Quiktrip store located at 1055

Old Peachtree Rd. NW, Lawrenceville, GA 30043 on May 30, 2020 at the time of Plaintiff's fall and is unidentified and unknown at this time.

4.

Defendant JOHN DOE is a resident of the State of Georgia.

5.

Venue as to Defendant JOHN DOE is proper in Gwinnett County State Court.

## COUNT I:
## NEGLIGENCE OF DEFENDANT QUIKTRIP

6.

Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 5 above as if the same were restated herein verbatim.

7.

Under Georgia law, "[w]here an owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe." O.C.G.A. § 51-3-1.

8.

Plaintiff lacked knowledge of the hazard despite her exercise of ordinary care.

9.

This is a clear liability case caused by Defendant Quiktrip's negligent conduct with no bona fide controversy related to the fact that: 1) Defendant Quiktrip owns and operates the premises where the incident in question occurred; 2) Plaintiff was injured when she slipped on a foreign

object on the floor of the store; 3) Defendant Quiktrip had a duty to exercise ordinary care in keeping the premises and approaches to the store safe; 4) Defendant Quiktrip breached that duty; and 5) Defendant Quiktrip's breach of that duty caused injury to the Plaintiff.

10.

As a direct and proximate result of Defendant Quiktrip's negligence, Plaintiff suffered serious and persistent injuries, which caused her great pain and suffering.

## COUNT II:
## NEGLIGENCE OF DEFENDANT JOHN DOE

11.

Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 10 above as if the same were restated herein verbatim.

12.

Defendant JOHN DOE at all times relevant to this action, had control and/or supervision over Defendant Quiktrip's premises located at 1055 Old Peachtree Rd. NW, Lawrenceville, GA 30043.

13.

Defendant JOHN DOE held superior knowledge to Plaintiff as to the hazardous condition of the liquid on the floor that caused Plaintiff's fall.

14.

Defendant JOHN DOE had a duty to exercise ordinary care in keeping the premises and approaches to the store safe; Defendant JOHN DOE breached that duty; and Defendant JOHN DOE's breach of that duty caused injury to the Plaintiff.

## COUNT III:
## DAMAGES

15.

Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 14 above as if the same were restated herein verbatim.

16.

Based upon the information currently held by counsel for Plaintiff, Plaintiff has incurred the following medical expenses to date:

| Medical Provider | Amount Charged |
| --- | --- |
| Kaiser Permanente | $ 1,577.00 |
| Barbour Orthopaedics | $ 10,434.84 |
| American Health Imaging | $ 2,225.00 |
| Surgical Estimate | $ 41,731.60 |
| Barbour Surgical Facility | $ 49,102.02 |
| Anesthesia Bill | $ 2,000.00 |
| **Total Special Damages** | **$107,070.46** |

17.

These expenses were incurred for the necessary past and future care and treatment of the injuries to Plaintiff resulting from the collision that constitutes the basis of the underlying action.

18.

As a direct and proximate result of Defendant Quiktrip's negligence, Plaintiff has endured emotional distress and mental anxiety.

19.

As a direct and proximate result of Defendant Quiktrip's negligence, Plaintiff has suffered interference with enjoyment of life.

20.

Both the incident and the injuries sustained by Plaintiff were the direct and proximate result of the negligent acts of the Defendants.

WHEREFORE, Plaintiff prays that she have a **TRIAL BY JURY** on all issues and judgment against Defendants as follows:

(a)     That Plaintiff recovers the full value of her medical expenses in an amount to be proven at trial but, in no event, less than **$107,070.46**;

(b)     That Plaintiff recovers for physical pain and suffering in an amount to be determined by the enlightened conscience of a jury;

(c)     That Plaintiff recovers for her loss of enjoyment of life in amount to be determined by the enlightened conscience of a jury;

(d)     That Plaintiff recovers for the cost of this litigation; and

(e)     That Plaintiff recovers such other and further relief as is just and proper.

This 16th day of April, 2021.

**JOHN FOY & ASSOCIATES, P.C.**

/s/ Michael Johnson
Michael Johnson, Esq.
Georgia Bar No. 679391
**COUNSEL FOR PLAINTIFF**

Page **5** of **6**

3343 Peachtree Road, NE,Suite 350
Atlanta, GA 30326
404-400-4000
404-873-4490 (fax)
mjohnson@johnfoy.com

Page **6** of **6**

E-FILED IN OFFICE - NN
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**21-C-02985-S5**

**5/19/2021 3:52 PM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

| | | |
|---|---|---|
| CHERYL SCHRENK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | |
| | ) | FILE NO. 21-C-02985-S5 |
| QUIKTRIP CORPORATION and | ) | |
| JOHN DOE, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### DEFENSES AND ANSWER

COMES NOW, Defendant QUIKTRIP CORPORATION, appearing specially and without submitting to the jurisdiction and venue of this Court, and files this its Defenses and Answer to Plaintiff's Complaint for Damages, and shows the Court as follows:

### FIRST DEFENSE

The Plaintiff's Complaint fails to state a claim against Defendant upon which relief can be granted.

### SECOND DEFENSE

Jurisdiction is improper as to Defendant.

### THIRD DEFENSE

Venue is improper as to Defendant.

### FOURTH DEFENSE

### ANSWER

Defendant responds to the allegations of Plaintiff's Complaint as follows:

1.

Defendant admits the averments contained in paragraph 1 of Plaintiff's Complaint.

2.

Defendant denies the averments contained in paragraph 2 of Plaintiff's Complaint.

3.

Defendant denies the averments contained in paragraph 3 of Plaintiff's Complaint.

4.

Defendant denies the averments contained in paragraph 4 of Plaintiff's Complaint.

5.

Defendant denies the averments contained in paragraph 5 of Plaintiff's Complaint.

6.

Defendant incorporates by reference its responses to paragraphs 1-5 of Plaintiff's Complaint as if fully set forth herein below.

7.

Defendant denies the averments contained in paragraph 7 of Plaintiff's Complaint.

8.

Defendant denies the averments contained in paragraph 8 of Plaintiff's Complaint.

9.

Defendant denies the averments contained in paragraph 9 of Plaintiff's Complaint.

10.

Defendant denies the averments contained in paragraph 10 of Plaintiff's Complaint.

11.

Defendant incorporates by reference its responses to paragraphs 1-10 of Plaintiff's Complaint as if fully set forth herein below.

12.

Defendant denies the averments contained in paragraph 12 of Plaintiff's Complaint.

13.

Defendant denies the averments contained in paragraph 13 of Plaintiff's Complaint.

14.

Defendant denies the averments contained in paragraph 14 of Plaintiff's Complaint.

15.

Defendant incorporates by reference its responses to paragraphs 1-14 of Plaintiff's Complaint as if fully set forth herein below.

16.

Defendant denies the averments contained in paragraph 16 of Plaintiff's Complaint.

17.

Defendant denies the averments contained in paragraph 17 of Plaintiff's Complaint.

18.

Defendant denies the averments contained in paragraph 18 of Plaintiff's Complaint.

19.

Defendant denies the averments contained in paragraph 19 of Plaintiff's Complaint.

20.

Defendant denies the averments contained in paragraph 20 of Plaintiff's Complaint.

## **FIFTH DEFENSE**

Defendant denies each and every averment contained in the paragraph beginning with the word "WHEREFORE" in the Plaintiff's Complaint.  Any allegations or averments contained in Plaintiff's Complaint not specifically responded to above are hereby denied.

WHEREFORE, Defendant QUIKTRIP CORPORATION, having fully answered, demands that it be discharged with all costs cast upon the Plaintiff.

Respectfully submitted,

**DOWNEY & CLEVELAND, LLP**


By:    /s/ Sean L. Hynes
        SEAN L. HYNES
        Georgia State Bar No. 381698
        hynes@downeycleveland.com
        Attorneys for Defendant QuikTrip
        Corporation

Downey & Cleveland, LLP
288 Washington Avenue
Marietta, GA 30060-1979
T: 770-422-3233
F: 770-423-4199

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served the following counsel of record with a true and correct copy of the foregoing pleading via electronic service and/or by depositing said copy in the United States Mail, with sufficient postage affixed thereon, and properly addressed to the following:

    Michael Johnson, Esq.
    John Foy & Associates
    343 Peachtree Road, NE, Ste. 350
    Atlanta, Ga 30326

This 19th day of May, 2021.

                     **DOWNEY & CLEVELAND, LLP**

                 By:   /s/ Sean L. Hynes
                     SEAN L. HYNES
                     Georgia State Bar No. 381698